IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHART INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EXTRON COMPANY, <br><br> *Defendant*. | CASE NO. 1:23-CV-00597-CEF <br><br> **ANSWER OF DEFENDANT EXTRON COMPANY** <br><br> (***Jury Demand Enclosed Herein***) |

Defendant, Extron Company ("Extron"), through counsel, hereby states as follows for its Answer to plaintiff Chart Inc.'s ("Plaintiff" or "Chart") Complaint:

## INTRODUCTION

1. Extron admits that it supplied TEC 3000 controllers to Lakeland Engineering Company which distributed TEC 3000 controllers to Chart in or around September 2011. Extron denies that the TEC 3000 controllers it supplied were designed by Extron or that the TEC 3000 in question was defective or failed due to Extron or that Chart's tank failed to due to Extron. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the remaining allegations.

2. Extron admits that Chart was named as a defendant in numerous lawsuits based upon the alleged failure of Tank 4 at the Pacific Fertility Center and that a judgment was entered against Chart in *In re Pacific Fertility Center Litigation,* Case No. 3:18-cv-01586. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the remaining allegations.

1

3. Extron denies that the TEC 3000 controllers it supplied were designed by Extron or that the TEC 3000 in question was defective or failed due to Extron or that Chart's tank failed due to Extron. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this Paragraph, and on that basis denies the allegations.

4. Extron admits that it has not paid or reimbursed Chart for any of the damages, losses, or fees that Chart claims to have incurred in the California Actions or the resulting settlement. Extron denies the remaining allegations of this paragraph.

## PARTIES

5. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

6. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

7. Extron admits the allegations of this paragraph.

## JURISDICTION AND VENUE

8. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations of this paragraph are directed to Extron, and a response is deemed required, Extron responds that it lacks knowledge or information sufficient to form a belief as to each such allegation contained in this paragraph, and on that basis Extron denies the allegations.

9. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations of this paragraph are directed to Extron,

and a response is deemed required, Extron denies that it designed the TEC 3000 controllers or that it knew Chart was an Ohio company. Extron admits that it began supplying TEC 3000 controllers to Lakeland in 2006 for distribution to Chart. Extron lacks knowledge or information sufficient to form a belief as to each remaining allegation contained in this Paragraph, and on that basis Extron denies the allegations.

## FACTUAL BACKGROUND

**A.     Background on Chart and Extron**

10.     The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

11.     Extron admits that Lakeland is a distributor of component parts and equipment. Extron admits that Lakeland supplied TEC 3000s to Chart on behalf of Extron but denies that Lakeland was a manufacturer, and Extron denies the remaining allegations of this paragraph.

12.     Extron admits the first sentence of this Paragraph. Extron denies that it designed the TEC 3000 or sold TEC 3000 controllers to end users, but admits the remaining allegations of this paragraph.

**B.     The TEC 3000 Controller.**

13.     Extron denies the allegations of this paragraph to the extent it implies that Chart did not already have controllers for its cryogenic freezer tanks when it first contacted Extron and Lakeland. Extron admits the remaining allegations of this Paragraph.

14.     Extron denies the allegations of this Paragraph.

15.     Extron admits the allegations of this Paragraph.

16.     Extron admits the allegations of this Paragraph.

17. Extron admits the allegations of this Paragraph.

18. Extron admits the allegations of this Paragraph.

19. Extron admits the allegations of this Paragraph.

20. Extron admits that Lakeland began supplying the TEC 3000 controller to Chart in approximately 2006 but denies that Extron designed the TEC 3000 controller or that Lakeland manufactured the TEC 3000 controller. Extron denies the remaining allegations of this Paragraph.

21. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

**C.    Chart Purchases Extron's TEC 3000 Controllers from Lakeland.**

22. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

23. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

24. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

25. The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

**D.     The TEC 3000 Controller and the Tank Failure**

26.     The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

27.     The allegations of this paragraph are directed to parties or entities other than Extron, and accordingly, Extron lacks knowledge or information sufficient to form a belief as to each such allegation, and on that basis denies the allegations.

28.     Extron denies Chart's characterization of the plaintiffs' allegations in the Federal Pacific Fertility Action with respect to Extron.  Extron admits that Chart was aware of "S/N Zero Event(s)" with respect to TEC 3000 controllers prior to 2018.  Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the allegations.

29.     Extron denies Chart's characterization of the plaintiffs' allegations in the Federal Pacific Fertility Action with respect to Extron. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the allegations.

30.     Extron denies Chart's characterization of the plaintiffs' allegations in the Federal Pacific Fertility Action with respect to Extron. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the allegations.

31.     Extron admits that Chart and Extron were aware of "S/N Zero Event(s)" with respect to some TEC 3000 controllers prior to 2018.  To the extent this Paragraph is referring to

the particular TEC 3000 controller at issue, Extron denies the allegations of this Paragraph. Extron denies the remaining allegations of this Paragraph.

32. Extron admits that it and Chart performed tests to try and determine a cause of the S/N zeroing events. Extron admits that during some of its laboratory-based testing it was able to replicate an S/N zeroing event by introducing an electrostatic discharge and that it discussed these findings with Chart; however, Extron denies the remaining allegations of this paragraph.

33. The allegations of this paragraph constitute conclusions of law to which no response is required. The allegations of this paragraph are directed to parties other than Extron as the design of the TEC 3000 was owned and directed by Chart, not Extron, as was the decision of whether to change the design or recall the TEC 3000 controller, and accordingly, the allegations of this paragraph are denied. To the extent that the allegations of this paragraph are directed to Extron, and a response is required, Extron denies the allegations.

34. Extron admits that both it and Chart performed testing on the "S/N Zero Event(s)" issue and were unable to determine a precise cause of the S/N zeroing events for the TEC 3000. Extron further admits that Chart did not authorize a design change to the TEC 3000 controller or recall the TEC 3000 controller. Extron denies the remaining allegations of this paragraph.

35. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this Paragraph, and on that basis denies the allegations.

36. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this Paragraph, and on that basis denies the allegations.

37. To the extent this paragraph is directed to Extron, Extron denies the allegations of this Paragraph. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this Paragraph, and on that basis denies the allegations.

38. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this Paragraph, and on that basis denies the allegations.

39. Extron denies the characterization of the claims. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this paragraph, and on that basis denies the allegations.

40. Extron admits that numerous lawsuits were filed. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this paragraph, and on that basis denies the allegations.

**F. The Federal Pacific Fertility Action Results in Judgment Against Chart.**

41. Extron admits that numerous lawsuits were filed in the fall of 2018. Extron denies Plaintiff's characterizations of those lawsuits. Extron denies the remaining allegations in this paragraph.

42. Admit.

43. Extron admits that it was not a party to the Federal Pacific Fertility Action. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the allegations.

44. Extron lacks sufficient information or knowledge to form a belief as to the allegations of this Paragraph, and on that basis denies the allegations.

45. Extron admits that it was not a party to the Federal Pacific Fertility Action and that no monetary liability was imposed on Extron. Extron denies that it was responsible for the design of the TEC 3000 controller and denies the remaining allegations of this paragraph.

46. Extron admits that it has not paid any monies to Chart in regards to the judgment in the underlying Federal Pacific Fertility Action, the California Actions or the resulting settlement, but denies the remaining allegations of this paragraph.

47. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations of this paragraph are directed to Extron, and a response is deemed required, Extron denies those allegations. Extron denies all remaining allegations of this paragraph.

## COUNT I:

## CONTRIBUTION PURSUANT TO OHIO REV CODE § 2307.25(B)

48. Extron incorporates its responses to Paragraphs 1-47 as if fully set forth herein.

49. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations of this paragraph are directed to Extron, and a response is deemed required, Extron denies those allegations. Extron denies all remaining allegations.

50. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations of this paragraph are directed to Extron, and a response is deemed required, Extron denies those allegations. Extron denies all remaining allegations.

51. Extron denies the allegations of this paragraph.

52. Extron denies the allegations of this paragraph.

53. Extron denies that Extron and Chart share any common liability regarding the Federal Pacific Fertility Action and the California Actions, that Chart paid more than its proportionate share of liability between Chart and Extron, or that the TEC 3000 controller was a

substantial and contributing cause of the plaintiffs' injuries. Extron lacks sufficient information or knowledge to form a belief as to the remaining allegations of this Paragraph, and on that basis denies the allegations. Extron denies all remaining allegations.

54. Extron denies the allegations of this paragraph.

55. Extron denies the allegations of this paragraph.

56. Extron denies the allegations of this paragraph.

## PRAYER FOR RELIEF

57. WHEREFORE, defendant Extron Company prays that the Plaintiff take nothing by reason of Plaintiff's Complaint and that the Complaint be dismissed, in its entirety, with prejudice, for the costs of suit incurred herein; and for any other relief this court deems just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Defendant. Upon completion of discovery, and if the facts warrant, Extron may withdraw one or more of these affirmative defenses as may be appropriate. Further, Extron reserves the right to amend this answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defenses, Extron states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every purported cause of action of Plaintiff's Complaint fails to allege facts sufficient to constitute a cause of action against Extron.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation, are barred by the applicable statute of repose, are barred by the doctrine of prescription, and/or are otherwise

9

untimely.

**THIRD AFFIRMATIVE DEFENSE**

Each and every cause of action in Plaintiff's Complaint is not plead with sufficient particularity to provide notice to Extron of the claims against Extron, rendering said Complaint uncertain.

**FOURTH AFFIRMATIVE DEFENSE**

Extron was not joint and severally liable with Chart in the underlying action and therefore contribution is unavailable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrine of in pari delicto.

**SEVENTH AFFIRMATIVE DEFENSE**

Chart did not pay more than its share of liability in the underlying action therefore contribution is unavailable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred because any recovery would constitute unjust enrichment.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Chart's undisclosed settlement was unreasonable, Extron is not liable for contribution in excess of what was reasonable.

**TENTH AFFIRMATIVE DEFENSE**

Extron's actions were not the cause in fact, not the proximate cause, and/or not the producing cause of Plaintiff's injuries, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a cause of action for contribution under Ohio's contribution statute, because, under choice of law principles, California law applies to Plaintiff's contribution claim.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were caused in whole or in part by its own culpable conduct. Plaintiff's claim is therefore barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, resulted from other independent, intervening, unforeseeable, or superseding cause or causes and not by acts or causes attributable to Extron.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were not caused by Extron, but rather by some other product, process, occurrence, event, or service over which Extron exercised no control or right of control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused in whole or in part by the acts or omissions of Plaintiff or third parties over whom Extron had no authority or control and/or the actions of persons not having real or apparent authority to undertake said actions on behalf of Extron, over whom Extron had no control, and for whom Extron may not be held accountable as such conduct intervened upon and superseded any alleged acts or omissions by Extron.

## SIXTEENTH AFFIRMATIVE DEFENSE

Extron violated no duty or obligation owed to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Extron was not the legal cause of any of the damages, injuries, and/or losses alleged in the Plaintiff's complaint

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel and waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and remedies alleged against Extron are contrary to public policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or other persons or entities who are not parties to this suit were guilty of negligence which was the sole proximate cause of, or a contributing cause to, the damages alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent it has failed to join, in a timely fashion, any and all necessary and indispensable parties

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any injuries or damages Plaintiff may have sustained may have been caused by a substantial change in the product at issue after leaving the possession, custody, and control of Extron.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of sustaining any injury or injuries alleged in the Complaint under the conditions and circumstances then existing and obvious.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of their failure to mitigate and/or minimize their alleged damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Extron has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during the course of this action and further reserves the right to amend its answer and affirmative defenses accordingly.

## JURY DEMAND

Extron demands a trial by jury on Plaintiff's claims.

Dated: May 22, 2023

Respectfully submitted,

/s/ Eric S. Bravo
ERIC S. BRAVO         (0048564)
**GORDON REES SCULLY MANSUKHANI, LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ebravo@grsm.com

*Attorneys for Defendant Extron Company*