## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHART INC. <br><br>                 *Plaintiff*, <br><br> v. <br><br> EXTRON COMPANY, <br><br>                 *Defendant*. | Case No. 1:23-cv-00597 |

## PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff Chart Inc. ("Chart"), by and through undersigned counsel, hereby moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike certain affirmative defenses raised by Defendant Extron Company ("Extron") in its Answer to the Complaint filed by Chart. The arguments and authorities in support of this Motion are fully set forth in the attached Memorandum in Support and are fully incorporated herein.

## MEMORANDUM IN SUPPORT

In the current action, Chart asserts a single claim against Extron—for contribution under Ohio's contribution statute. In response to Chart's single cause of action against Extron, Extron asserted twenty-seven (27) affirmative defenses. All are boilerplate, none are supported by factual allegations, and as further outlined herein, several are improper as a matter of law or entirely inapplicable to Chart's cause of action against Extron and thus are insufficient as a matter of law.

## INTRODUCTION AND BACKGROUND

The basis of Chart's sole claim against Extron for contribution is Chart's purchase of a controller designed by Extron for use in operating Chart's cryogenic freezer tanks. Complaint, ¶ 1. That controller was installed by Chart on certain cryogenic freezer tanks that were sold to fertility laboratories and in which human eggs and embryos were stored. *Id.* In March 2018, an Extron-designed controller failed on one of Chart's tanks, resulting in a failure of that tank. *Id.*

By way of background, Chart approached Extron in the early 2000s and notified Extron that it wanted to purchase controllers that would be used in operating cryogenic freezer tanks that Chart was manufacturing and selling. *Id.*, ¶ 13. Chart sought a controller to be installed in its tanks to monitor liquid nitrogen ("LN2") levels, and Extron, at Chart's request, designed a TEC 3000 controller to do so. *Id.*, ¶¶ 14-15. The TEC 3000 controller was specifically designed to be installed on and used in operating Chart's cryogenic freezer tanks. *Id.*, ¶ 19. In 2011, Chart purchased, and took delivery of, nine TEC 3000 controllers that were designed by Extron, and Chart subsequently manufactured and sold cryogenic freezer tanks containing those controllers. *Id.*, ¶¶ 22-25.

One of the tanks containing an Extron-designed TEC 3000 controller, known as Tank 4,

was sold to the Pacific Fertility Center in approximately 2012. *Id.*, ¶ 27. In a later lawsuit filed against Chart (the Federal Pacific Fertility Action, used herein as defined in the Complaint), the plaintiffs alleged that Chart had been made aware prior to 2018 that the Extron-designed TEC 3000 controllers were malfunctioning, having performance issues, and were not operating properly due to design flaws—which resulted in tank operators being unable to accurately monitor tank LN2 levels. *Id.*, ¶¶ 28-33. Extron was also aware of these issues in early 2018 and tried, but was unable to, rectify the problem. *Id.*, ¶¶ 31-34. In March 2018, the Extron-designed TEC 3000 controller in Tank 4 at the Pacific Fertility Center malfunctioned, with the result that LN2 levels in the tank were not properly maintained, and the tank suffered a failure. *Id.*, ¶¶ 35-38.

Thereafter, Chart was named as a defendant in approximately 185 lawsuits based on the tank failure. In the Federal Pacific Fertility Action, a judgment for $13,525,000 was entered against Chart in June 2021, representing 90% of the total amount of the judgment in that case. *Id.*, ¶¶ 2, 40, 41, 44. Extron had been named as a defendant in the Federal Pacific Fertility Action, but was dismissed based on a lack of personal jurisdiction over it in California, and thus was not a party to the Federal Pacific Fertility Action when judgment was entered in that case. *Id.*, ¶¶ 42, 43. However, the jury in that case found that the TEC 3000 controller was dangerous or contained a defect and that it was a substantial factor in causing the plaintiffs' harm. *Id.*, ¶ 43.

Because Extron was not a party to the Federal Pacific Fertility Action, no monetary liability was imposed on Extron for the controller it designed that the jury found resulted in Tank 4's failure. *Id.*, ¶ 45. Thereafter, on March 20, 2023, Chart entered into a confidential settlement with certain plaintiffs, including those in the Federal Pacific Fertility Action, which included a release of liability of both Chart and Extron by those plaintiffs. *Id.*, ¶¶ 3, 53. However, Extron

has not reimbursed Chart for Extron's share of the amounts Chart was forced to pay to resolve the various suits against it as a result of Extron's controller, and, as a result, Chart has been forced to pay more than its proportionate share of the judgment in the Federal Pacific Fertility Action and other related settlements. *Id.*, ¶¶ 4, 48-56. Chart thus brings this action as a single claim for contribution under Ohio Rev. Code 2307.25 to recover the amounts for which Chart has paid but Extron is actually responsible. *Id.*

## LAW AND ARGUMENT

### I.     Applicable Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike is the proper tool for a plaintiff to challenge a legally insufficient affirmative defense. *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.2d 687, 689 (N.D. Ohio 2010) ("[A]ffirmative defenses may be stricken from the pleadings [under Rule 12(f)] if they are insufficient as a matter of law."). An affirmative defense is a defense "which allows a party to argue that it is not liable even if the plaintiff has proved a *prima facie* case" and, as a result, an argument that "plaintiff has not proven its prima facie case is not an affirmative defense" at all. *Navarro v. Procter & Gamble Co.*, 515 F.Supp.3d 718, 775 (S.D. Ohio 2021).

An affirmative defense is insufficient as a matter of law and should be stricken if it cannot succeed under any circumstances, is not legally viable, or when it has "no possible relation to the controversy." *Pough v. DeWine*, No. 2:21-cv-880, 2022 WL 2437140, at *2 (S.D. Ohio July 5, 2022); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at *1 (S.D. Ohio July 26, 2013) (internal citation omitted).

As a result, "if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Snow v. Kemp,* No. 10-2363, 2011 WL 321651, at *2 (W.D. Tenn. Jan. 28, 2011) (internal citation omitted). Motions to strike affirmative defenses "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Joe Hand,* 2013 WL 3876176, at *1 (internal citation omitted).

As a result, some courts, including this Court in certain cases, have found that "an affirmative defense may be stricken as legally insufficient if the defense cannot withstand a Rule 12(b)(6) challenge." *Snow,* 2011 WL 321651, at *2, n. 7 (citing *Williams v. Provident Inv. Counsel, Inc.*, 279 F.Supp.2d 894, 906 (N.D. Ohio 2003)). Those cases have established a three-part test for establishing the sufficiency of an affirmative defense—1) that the matter be properly pleaded as an affirmative defense; 2) that the affirmative defense be adequately pleaded under Fed. R. Civ. P. 8 or 9; and 3) that the affirmative defense be able to withstand a Rule 12(b)(6) challenge under the *Twombly/Iqbal* standard that applies to allegations in a complaint. *Iwer,* 708 F.Supp.2d at 689. Not surprisingly, affirmative defenses that are entirely conclusory and lack any factual allegations fail under such a standard. *Id.* at 692 (internal citation omitted).

After cases such as *Snow* and *Iwer* were decided, the Sixth Circuit expressly declined to determine whether the *Twombly/Iqbal* standard applied to affirmative defenses, and courts within the Sixth Circuit have thus continued to apply the *Twombly/Iqbal* standard to affirmative defenses. *See, e.g.*, *Doe by and through Doe v. Board of Education of Highland Local School District*, No. 2:16-cv-524, 2017 WL 3588727, at *3 (S.D. Ohio Aug. 21, 2017) (citing *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547, n. 6 (6th Cir. 2012)). Nevertheless, among courts

within the Sixth Circuit, the "majority approach" is to not apply the pleading requirements of *Twombly* and *Iqbal* to affirmative defenses. *Reo v. Midland Credit Management*, No. 1:18-cv-1544, 2018 WL 3993874, at *1, n. 6 (N.D. Ohio Aug. 21, 2018).

However, even if the *Twombly/Iqbal* standard does not apply to affirmative defenses, in which case the alternative and more lenient "fair notice" standard applies, affirmative defenses cannot "frustrate discovery" or "confuse the burden of proof" and may be stricken when they "clutter the docket or create unnecessary work with a litany of affirmative defenses that fail to meaningfully identify the facts and law at issue." *Pitt v. Township of Lee*, No. 20-CV-13021, 2021 WL 352000, at *2 (E.D. Mich. Feb. 2, 2021) (internal citation omitted). Affirmative defenses are also properly stricken under that standard when they are duplicative of other affirmative defenses. *Id.* And, even under the fair notice standard, an affirmative defense "must at least give notice of the grounds upon which it rests." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013). Furthermore, even under a fair notice standard, affirmative defenses can also be properly stricken when they omit any "short and plain statement of facts entirely" and consist of nothing but conclusory allegations. *See Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 146 (E.D. Pa. 2011).

## II.    Certain of Defendant's Purported Affirmative Defenses are Improper and Should be Stricken.

In its answer, Extron asserts twenty-seven (27) separate affirmative defenses. *See generally* Answer. None is more than a paragraph long or supported by any factual allegations, and most are a single sentence. *Id.* While Chart believes that most, if not all, of these defenses are insufficiently pled under the standards outlined above, Chart is mindful of the long-standing admonition that motions to strike affirmative defenses are "disfavor[ed]" and should only be granted 'sparingly.'" *Iwer*, 708 F.Supp.2d 689 (internal citation omitted). Thus, Chart moves to

strike those affirmative defenses that are not only insufficiently pled, but which also seek to impose an incorrect legal standard on Chart's claim, are not legally viable as affirmative defenses, or cannot apply as a matter of law to Chart's contribution claim against Extron. Specifically, Chart moves to strike Extron's Third, Fifth, Sixth, Eighth, Sixteenth, Twentieth, Twenty-Second, and Twenty-Seventh Affirmative Defenses for the reasons set forth below.

### A. The Court Should Strike Extron's Affirmative Defenses That Seek to Impose an Incorrect Legal Standard

#### i. Extron's Third Affirmative Defense Either Seeks to Impose an Incorrect Legal Standard or is Duplicative of its Other Affirmative Defenses

Extron's third affirmative defense is insufficient as a matter of law because it either seeks to impose an inapplicable heightened pleading standard on Chart's sole cause of action against it or is entirely duplicative of its other affirmative defenses. Both are grounds for striking an affirmative defense. *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F.Supp.2d 1366, 1373 (S.D. Fla. 2013); *Pitt*, 2021 WL 352000, at *3.

Extron's Third Affirmative Defense states, in full, "Each and every cause of action in Plaintiff's Complaint is not plead with sufficient particularity to provide notice to Extron of the claims against Extron, rendering said Complaint uncertain." Answer, at p. 10. The phrase "sufficient particularity" is explicitly associated with the heightened pleading standard required under Fed. R. Civ. P. 9(b). *See, e.g., U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 522 (6th Cir. 2007). If Rule 9(b) applies to a cause of action, a court decides under Rule 12(b)(6) whether or not the allegations in support of that cause of action are sufficiently particular. *United States v. Lexington Foot and Ankle Center, PSC*, No. 5:18-cv-628, 2019 WL 2396558, at *1, *5 (E.D. Ky. Jun. 6, 2019) (denying a Rule 12(b)(6) motion because the claim at issue, under the False Claims Act and which was subject to a heightened pleading standard, was

6

alleged "with sufficient particularity."). However, contribution claims generally, and those under Ohio Rev. Code 2307.25 specifically, are not subject to a heightened pleading standard, but instead to the traditional Rule 8 standard construed under *Twombly* and *Iqbal*. *Wingrove v. Wyoming Casing Service, Inc.*, No. 5:19-cv-2148, 2020 WL 6064111, at *2-*4 (N.D. Ohio Oct. 14, 2020).

Extron's Third Affirmative Defense should thus be stricken because it cannot succeed under any circumstances regardless of the applicable pleading standard. It seeks to hold Chart to a heightened pleading standard that simply does not apply to Chart's sole claim for contribution under Ohio Rev. Code 2307.25. Complaint, ¶¶ 48-56. Extron cannot save its Third Affirmative Defense by claiming that it only asserts Chart's failure to comply with the Rule 8 pleading standard, because if that were the case, this Third Affirmative Defense would be entirely redundant of Extron's First Affirmative Defense, which echoes the language of Rule 12(b)(6). *Pitt*, 2021 WL 352000, at *3 (striking affirmative defense when defendant's attempted argument to save it made it redundant of another affirmative defense): Answer, p. 9.

### ii. Extron's Sixteenth Affirmative Defense Seeks to Impose an Incorrect Legal Standard

Extron's Sixteenth Affirmative Defense is insufficient as a matter of law because it too, in addition to being insufficiently pled, applies an incorrect legal standard and that, as noted above, is proper grounds to strike an affirmative defense. Extron's Sixteenth Affirmative Defense states, in full, "Extron violated no duty or obligation owed to Plaintiff." Answer, p. 12. Contribution is not based on liability owed by one joint tortfeasor to another, instead it is based on joint and several liability among tortfeasors to a third party. Ohio Rev. Code 2307.25(A) ("if one or more persons are jointly liable in tort for the same injury or loss [...] there may be a right of contribution..."). This is an important distinction because "[j]oint and several liability *does*

*not depend on whether the tortfeasors owe a duty to one another.*" *Leko v. Cornerstone Building Inspection Service*, 86 Cal.App.4th 1109, 1111 (Cal. Ct. App. 2d 2001) (emphasis added). Thus, whether Extron owes a duty to Chart is irrelevant to Chart's claim for contribution against Extron. This affirmative defense is insufficient as a matter of law and should be stricken.

### B. The Court Should Strike Extron's Affirmative Defenses that are Not Viable Affirmative Defenses

#### i. Extron's Eighth Affirmative Defense (Unjust Enrichment) Fails as a Matter of Law Because it is Not A Viable Affirmative Defense

Extron's Eighth Affirmative Defense fails at the very outset—because it is not an affirmative defense at all. Extron's Eighth Affirmative Defense states, in full, "Plaintiff's complaint is barred because any recovery would constitute unjust enrichment." Answer, p. 10. Courts have regularly recognized that the doctrine of unjust enrichment is not an affirmative defense. *See, e.g., Pentagon Federal Credit Union v. McMahan*, 308 So.3d 496, 501 (Ala. 2020) ("this Court cannot find any authority characterizing the doctrine of unjust enrichment as an affirmative defense"); *Anchorage Plantation Homeowners Assoc. v. Walpole*, No. 2016-000281, 2018 WL 3575397, at *3 (S.C. Ct. App. 2018) ("the circuit court properly found the doctrine of unjust enrichment is not an affirmative defense"); *Raquet v. Allstate Corporation*, 348 F.Supp.3d 775, 787 (N.D. Ill. 2018) ("unjust enrichment is not an affirmative defense under Illinois law"). This should come as little surprise given the nature of an affirmative defense—a basis to avoid liability even if the plaintiff proves its *prima facie* case. *Navarro v. Procter & Gamble Co.*, 515 F.Supp.3d 718, 775 (S.D. Ohio 2021). Unjust enrichment, which is an affirmative equitable cause of action, is not generally recognized as an affirmative defense, and thus this affirmative defense is insufficient and should be stricken.

Even if unjust enrichment could be a viable affirmative defense in certain circumstances,

it cannot apply to this case. First and foremost, the "right of contribution is equitable in nature and is used to prevent unjust enrichment." *Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 772 (Iowa 2009). In other words, if Chart proves its *prima facie* case for contribution on its sole claim against Extron (and an affirmative defense only comes into play once Chart does), it would be unjust enrichment ***not*** to award Chart the amount to which it is entitled on its contribution claim. Under Ohio law, an element of unjust enrichment is the retention of a benefit "under circumstances where it would be unjust to do so without payment." *Kline v. Mortgage Electronic Security Systems*, 154 F.Supp.3d 567, 586 (S.D. Ohio 2015). This doctrine cannot apply as a defense to this case. First, given that Chart only seeks to recover some or all of its already-incurred damages to date, Chart will never receive a benefit from Extron. Nor could it possibly be "unjust" for Chart to retain amounts it recovers from Extron pursuant to judgment entered in its favor in this case (based on damages already incurred) on the basis of contribution. This affirmative defense is insufficient and should be stricken.

### ii. Extron's Twenty-Seventh Affirmative Defense (Reservation of Rights) Fails as a Matter of Law Because it is Not an Affirmative Defense

A defendant is required under Rule 8(c) to raise certain affirmative defenses in an answer, and a defendant's ability to thereafter amend an answer either to amend or add affirmative defenses is governed by Rule 15. *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-cv-00135, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011). An attempt to use an affirmative defense to reserve the right to make such an amendment or raise new affirmative defenses "subverts" that rule and is thus appropriately stricken. *Id.* (affirmative defense stricken where defense stated that "Defendants reserve the right to add any additional affirmative defenses that may become evident during the course of discovery in the case."); *see also Pitt v. Township of Lee*, No. 20-CV-13021, 2021 WL 352000, at *4 (E.D. Mich. Feb. 2, 2021) (striking

such an affirmative defense even though it referenced Rule 15).

Extron's Twenty-Seventh Affirmative Defense impermissibly attempts to subvert Rule 15 in just this way. It provides, in full, that "Extron has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during the course of this action and further reserves the right to amend its answer and affirmative defenses accordingly." Answer, p. 13. This affirmative defense is insufficient and should be stricken, as any amendments of Extron's answer or affirmative defenses are to be governed by Rule 15.

### C. The Court Should Strike Extron's Affirmative Defenses that Cannot, as a Matter of Law, Apply to Chart's Statutory Contribution Claim Against Extron

#### i. Extron's Sixth Affirmative Defense (*In Pari Delicto*) Fails as a Matter of Law Because it Does Not Apply to Contribution Claims

*In pari delicto* "refers to the plaintiff's participation in the same wrongdoing as the defendant" and "refers to equal fault, or equal culpability." *Downie-Gombach v. Laurie*, 41 N.E.3d 858, 865 (Ohio Ct. App. 8th 2015). However, "the basic premise of the *in pari delicto* doctrine [is] that the court will not facilitate an illegal act." *Id.* at 870. As a result, *in pari delicto* is generally understood to apply to bar recovery by a party "that has been injured as a result of its own intentional wrongdoing from recovering for those injuries from another party whose equal or lesser fault contributed to the loss." *In re Lehr Construction Corp.*, 551 B.R. 732, 738 (S.D.N.Y. 2016) (internal citation omitted).

Because of the unique nature of a contribution claim, *in pari delicto* cannot, and does not, serve as a defense to a contribution claim. Courts have recognized that the very nature of a contribution action is a statutory "right of contribution between joint tortfeasors, since such rights were not recognized at common law." *Barrett v. U.S.,* 853 F.2d 124, 127, n. 3 (2d Cir.

1988). In fact, "[c]ontribution involves an apportionment of responsibility where wrongdoers *are in pari delicto*" with one another. *Id. (*emphasis added); *see also Thyssen Elevator Co. v. Drayton-Bryan Co.*, 106 F.Supp.2d 1342, 1346, n. 3 (S.D. Ga. 2000) (noting that contribution requires a showing of *in pari delict*o liability).

Extron's Sixth Affirmative Defense states, in full, "Plaintiff's complaint is barred by the doctrine of *in pari delicto*." Answer, p. 10. Once again, this affirmative defense provides no factual basis whatsoever to support it, let alone a factual basis that Chart engaged in an illegal act or intentional wrongdoing, and is subject to be stricken on that basis alone, regardless of the pleading standard. However, it also is simply inapplicable as a matter of law to this case. Chart's only cause of action against Extron is for contribution, specifically under Ohio Rev. Code 2307.25. Complaint, ¶¶ 48-56. The right to contribution generally, as outlined above, and specifically under that statute, exists as between joint tortfeasors. Ohio Rev. Code 2307.25(A) ("if one or more persons are jointly liable in tort for the same injury or loss [...] there may be a right of contribution..."). If the doctrine of *in pari delicto* could apply to bar contribution claims by one tortfeasor against another, that statutory provision would be meaningless. That is not the case. Instead, *in pari delicto* is inapplicable to contribution claims and this defense should thus be stricken as insufficient as a matter of law.

### ii. Extron's Twentieth Affirmative Defense is Insufficient as a Matter of Law Because Public Policy Cannot be Used to Override Statutory Liability

Extron's attempt to assert an affirmative defense based on public policy is insufficient as a matter of law because Extron fails even to identify what public policy it seeks to invoke, let alone how such a public policy applies to this case. Put simply, whatever unidentified "public policy" Extron seeks to invoke cannot defeat Chart's straightforward, statutory claim for contribution. Extron's Twentieth Affirmative Defense states, in full, "Plaintiff's claims and

11

remedies alleged against Extron are contrary to public policy." Answer, p. 12. An affirmative defense based on the purported violation of public policy is insufficient when it fails to identify what public policy would be violated and how that unidentified policy would be violated. *United States v. Perry*, No. 2:14-cv-537, 2016 WL 8202965, at *6 (S.D. Ohio Feb. 29, 2016). This defense, which similarly fails to identify what public policy would be violated or how it would be violated, is similarly insufficient.

Furthermore, this defense fails as a matter of law because it seeks to invoke public policy as a defense to Chart's statutory contribution claim. But public policy is generally expressed through statutes. *See, e.g., Collins v. Rizkana*, 652 N.E.2d 653, 657 (Ohio 1995); *Sutton v. Tomco Machining, Inc.*, 950 N.E.2d 938, 942 (Ohio 2011) ("when the General Assembly enacts laws that are constitutional, the courts may not contravene the legislature's expression of public policy."). Thus, there is no basis to use public policy as grounds to prevent Chart from recovering if Chart proves its entitlement to recover under Ohio's contribution statute. This affirmative defense should be stricken.

### iii. Extron's Twenty-Second Affirmative Defense is Insufficient as a Matter of Law Because There are No Necessary and Indispensable Parties That Have Not and Cannot be Joined to this Suit

It is not enough to simply assert as an affirmative defense that an unidentified "necessary and indispensable" party has not been joined, yet that is precisely what Extron does in its Answer. Extron's Twenty-Second Affirmative Defense states, in full, "Plaintiff's claims are barred to the extent it has failed to join, in a timely fashion, any and all necessary and indispensable parties." Answer, p. 12. Such a defense is stricken as insufficient when it fails to identify an alleged indispensable party that has not been joined and why that party cannot be joined, given that "a failure to join an indispensable party will defeat a claim only if joinder of

the indispensable party is impossible." *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at * 3 (S.D. Ohio Jul. 26, 2013). This affirmative defense should be stricken on that basis.

Furthermore, as a matter of law there are no other necessary and indispensable parties to this contribution action between Chart and Extron. *See generally Swisher v. Wyatt*, No. 08AP-894, 2009 WL 840544 (Ohio Ct. App. 10th 2009) (other parties in underlying action that triggered contribution suit were not parties to two-party Ohio statutory contribution suit). Joint tortfeasors are not necessary, let alone indispensable, parties, nor does "the possibility of related third-party liability" create a necessary or indispensable party, given that any such third party can be brought in by Extron through a third-party complaint, which Extron has failed to file. *Joe Hand*, 2013 WL 3876176, at * 3; *AT&T Mobility LLC v. Shoukry*, No. 2:21-cv-00436, 2021 WL 3172330, at *5 (S.D. Ohio Jul. 26, 2021); *Pough v. DeWine*, No. 2:21-cv-880, 2022 WL 2437140, at *3 (S.D. Ohio Jul. 5, 2022). This affirmative defense should also be stricken on this additional basis.

### D. The Court Should Strike Extron's Affirmative Defenses that are Subject to a Heightened Pleading Standard

#### i. Extron's Fifth Affirmative Defense (Unclean Hands) is Insufficiently Pled Under the Applicable Standard

Under Ohio law, the doctrine of unclean hands only applies if the plaintiff has engaged in "reprehensible, grossly inequitable, or unconscionable conduct, rather than mere negligence, ignorance or inappropriateness." *Deutsche Bank Natl. Trust Co. v. Pevarski*, 187 Ohio App.3d 455, 465, 932 N.E.2d 887 (Ohio Ct. App. 4th 2010) (internal citation omitted). Stated another way, the doctrine of unclean hands "precludes one who has defrauded his adversary in the subject matter of the action from equitable relief." *Downie-Gombach*, 41 N.E.3d 858 at 865

(quoting *In re Dow*, 132 B.R. 853, 860, n. 2 (Bankr. S.D.Ohio 1991)). As a result, "the doctrine of unclear hands does not apply where there is no allegation that the plaintiffs defrauded the defendant." *Id.* (citing *Dow*, 132 B.R. at 860, n. 2). In addition, "the unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct." *Pevarski*, 187 Ohio App.3d at 465 (internal citation omitted).

Extron's Fifth Affirmative states, in full, "Plaintiff's complaint is barred by the doctrine of unclean hands." Answer, p. 10. This affirmative defense is clearly insufficient under any pleading standard. It fails under a *Twombly/Iqbal* standard because it is utterly devoid of any factual allegation. *Iwer*, 708 F.Supp.2d at 691 (affirmative defense fails under that standard when it fails to "provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion."). It fails under a fair notice standard because it "fails to meaningfully identify the facts and law at issue," or to "give notice of the grounds upon which it rests," and because it omits a "short and plain statement of facts entirely" and includes nothing but conclusory allegations. *Pitt,* 2021 WL 352000, at *2 (internal citation omitted); *Kohler*, 291 F.R.D. at 469; *Dann*, 274 F.R.D. at 145 (E.D. Pa. 2011). Furthermore, because of the nature of the defense under Ohio law—which requires unconscionable conduct akin to fraud—it is required to be pled with particularity, which requires pleading "the time, place, and content" of a fraudulent statement, along with the "the fraudulent scheme; [and] the fraudulent intent of the defendants." *Bledsoe*, 501 F.3d at 504 (internal citation omitted); *accord Bradford Co. v. Afco Mfg.*, No. 1:05-cv-449, 2006 WL 143343, at *5 (S.D. Ohio Jan. 19, 2006) (applying the standard to affirmative defenses). For all these reasons, this affirmative defense should be stricken as insufficient.

14

## CONCLUSION

For the reasons stated herein, Defendant's foregoing affirmative defenses should be stricken.

Respectfully submitted, this the 12th day of June, 2023.

CHART, INC.

By: *Denise A. Lazar*
Denise A. Lazar
*(admitted pro hac vice)*
BARNES & THORNBURG LLP
One North Wacker Dr., Ste. 4400
Chicago, Illinois 60606
Telephone: (312) 214-4816
Facsimile: (312) 759-5646
*denise.lazar@btlaw.com*

David J. Dirisamer (0092125)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH 43215
Telephone: 614-628-0096
Facsimile: 614-628-1433
*David.Dirisamer@btlaw.com*

D. Austin Bersinger
(*admitted pro hac vice*)
John M. Moye
(*admitted pro hac vice*)
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, Georgia 30326-1092
Telephone: (404) 846-1693
Facsimile: (404) 264-4033
*JMoye@btlaw.com*
*Austin.Bersinger@btlaw.com*