IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHART INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EXTRON COMPANY, <br><br> *Defendant*. | CASE NO. 1:23-CV-00597-CEF <br><br> **JOINT STATUS REPORT (REGARDING JULY 26, 2023 CASE MANAGEMENT CONFERENCE)** |

Pursuant to the Court's Notice of Case Management Conference, plaintiff Chart Inc. ("Chart") and defendant Extron Company ("Extron") (collectively, the "Parties"), by and through their respective counsel of record, submit this Joint Status Report in advance of the Case Management Conference, which is currently scheduled for July 26, 2023.

On July 20, 2023, the Parties held a joint planning meeting to discuss each of the matters set forth in the Court's Notice. As a threshold matter, based upon the unique complexity of this case, the Parties recommend and stipulate that this matter be treated as Complex Litigation.

However, as set forth below, the Parties respectfully request that the case schedule and discovery plan for this matter be phased so as to facilitate an efficient and orderly management of this action. Specifically, the Parties respectfully request that the case schedule be structured such that a preliminary dispute resolution phase takes place first, under which the Parties will have the opportunity to complete an agreed upon mediation.

As set forth in the Complaint, this is an action for contribution by Chart against Extron under Ohio Rev. Code § 2307.25(B) which arises from complex underlying mass litigation which took place in California in both state and federal court stemming from Plaintiff Chart, Inc.'s design, manufacture, and distribution of a cryogenic tank located at Pacific Fertility Center that allegedly failed, resulting in claims for alleged damages to certain eggs and embryos. The litigation was

1

subsequently settled by Chart for a confidential amount. Extron, which manufactured the controller component of the Tank at issue, was not a party to the underlying litigation and therefore was not bound by the resulting settlement with the underlying California plaintiffs, although, as alleged in Chart's Complaint, the settlement released Extron from any future liability to those plaintiffs.

Extron has agreed that this matter is amenable to ADR and the parties have agreed to mediate their claims prior to the commencement of more fulsome fact discovery in this case. The Parties also recognize that in order to allow a meaningful mediation to take place, Extron first must be provided with the opportunity to learn of the terms of the underlying settlement and to review and evaluate pertinent records, data, and information from the underlying litigation which it has not yet had an opportunity to evaluate.

The Parties further recognize that it would unduly complicate and frustrate the Parties' efforts to engage in meaningful attempts to mediate this matter if Parties were now forced to conduct extensive new discovery at the same time the Parties are attempting to engage in preparations for mediation. Moreover, the Parties respectfully submit that it is appropriate to stay discovery in this case to allow mediation to occur, which will conserve judicial resources and allow the parties to expeditiously seek a resolution of this matter.

Accordingly, the Parties hereby stipulate and respectfully propose the following schedule:

1. The Parties shall be ordered to binding mediation and the deadline to mutually agree upon a mediator is set for July 31, 2023.

2. The Parties shall complete binding mediation by January 5, 2024.

3. The initial case management conference of this matter shall be continued to February 2, 2024.

4. At least three business days prior to the continued initial case management conference, the Parties shall file a Report of Parties' Planning Meeting after holding a planning meeting under Federal Rules of Civil Procedure 26(f) and 16.3(b).

5. All discovery and case deadlines shall be stayed pending the Parties' mediation.

Dated: July 21, 2023

Respectfully submitted,

/s/ *Denise A. Lazar*
Denise A. Lazar
*(admitted pro hac vice)*
BARNES & THORNBURG LLP
One North Wacker Dr., Ste. 4400
Chicago, Illinois 60606
Telephone: (312) 214-4816
Facsimile: (312) 759-5646
denise.lazar@btlaw.com

David J. Dirisamer (0092125)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH 43215
Telephone: 614-628-0096
Facsimile: 614-628-1433
David.Dirisamer@btlaw.com

D. Austin Bersinger
*(admitted pro hac vice)*
John M. Moye
*(admitted pro hac vice)*
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, Georgia 30326-1092
Telephone: (404) 846-1693
Facsimile: (404) 264-4033
JMoye@btlaw.com
Austin.Bersinger@btlaw.com

*Attorneys for Plaintiff Chart, Inc.*

/s/ *Eric S. Bravo*
ERIC S. BRAVO (0048564)
GORDON REES SCULLY MANSUKHANI, LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ebravo@grsm.com

/s/ *James K. Holder*
JAMES K. HOLDER (*Admitted Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
T: (415) 875-4192
F: (415) 986-8054
jholder@grsm.com

*Attorneys for Defendant Extron Company*