**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| CHART INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EXTRON COMPANY, <br><br> *Defendant*. | CASE NO. 1:23-CV-00597-CEF <br><br> **REPORT OF THE PARTIES' PLANNING MEETING UNDER FED. R. CIV. 26(f) AND 16.3(b)** |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on July 26, 2024, and was attended by:

   **D. Austin Bersinger and Hillary C. Campbell, Counsel for Plaintiff Chart Inc. ("Chart")**

   **James K. Holder, Counsel for Defendant Extron Company ("Extron")**

2. The parties will exchange pre-discovery disclosures required by Rule 26(a)(1) by: **August 16, 2024**.

3. The parties recommend the following track: **Complex**.

4. This case is suitable for Electronic Case Filing (ECF).

5. This case is **not** suitable for ADR at this time.

6. The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C.§ 636 (c).

7. Federal jurisdiction is based upon 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Parties and the amount in controversy (including, without limitation, the amount of the judgment against Chart in the Federal Pacific Fertility Action and the resulting settlement described herein) exceeds $75,000.

8. The parties recommend the following discovery plan:

   a. Describe the claims & defenses on which discovery is to be sought and the nature and extent of discovery:

   Extron proposes removing various limitations on discovery in the F.R.C.P., including no more than 10 depositions per side [Rule 30(a)(2)]; 7 hours per

deposition [Rule 30(d)], and no more than 25 interrogatories per party [Rule 33(a)]; and the length of depositions [Rule 30(d)]. Chart is not agreeable to this as a blanket proposal but is willing to work with Extron on those issues and potentially expanding the number of depositions and interrogatories on an individualized basis.

The following is the list of topics upon which discovery is anticipated:

i. **The development, design, manufacture, sale, distribution, instructions, warnings, use, and performance of Chart's cryogenic freezer tanks;**

ii. **The development, design, manufacture, sale, distribution, instructions, warnings, use, and performance of controllers with Chart's cryogenic freezer tanks, including but not limited to the TEC 3000 controllers;**

iii. **Alleged malfunctions, defects, or performance issues with Chart's cryogenic freezer tanks and component controllers, including but not limited to tank welds and controller issues, S/N Zero Events with respect to TEC 3000 controllers, the failure rate and causes thereof, and the parties' knowledge, communication, testing, warnings, design changes, recall or retrofit decisions, and mitigation efforts and strategies with respect thereto;**

iv. **The events, circumstances, conduct, and causes of the alleged failure of Tank 4 at the Pacific Fertility Center in California, by both parties and non-parties to this action, conduct and communications in response thereto, and all damages allegedly caused as a result of the tank failure;**

v. **The various litigation that arose in connection with the alleged failure of Tank 4 at the Pacific Fertility Center in California, including the filing, proceeding, discovery, motions, trial, status, and resolution of such litigation, including but not limited to the judgment that was entered against Chart Inc. in *In re Pacific Fertility Center Litigation*, Case No. 3:18-cv-01586;**

vi. **The alleged damages and losses suffered by Plaintiff Chart Inc. as a result of the alleged failure of Tank 4 at the Pacific Fertility Center in California, the judgment that was entered against Chart Inc. in *In re Pacific Fertility Center Litigation*, Case No. 3:18-cv-01586, and Chart's subsequent confidential settlements, including of the aforementioned action and the California actions styled *Pacific Fertility Cases*, No. CJC-19-00021 (S.F. Super.), *Wong v. Chart Industries, Inc.*, No. 4:18-cv-04839-JSW**

        **(N.D. Cal.), and *Wong v. Chart Inc., et al.*, No. 4:19-cv-01342-JSW (N.D. Cal.) and the reasonableness thereof;**

  vii.      **The alleged proportionate share of common liability between Chart Inc. and Extron Company for satisfaction of the aforementioned judgment and settlements;**

  viii.     **In addition to these specific topics, the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.**

b.    Non-Expert discovery deadline:  **December 5, 2025**.

c.    If applicable, set forth the issues that will be addressed by experts and provide proposed deadlines:

    **Issues to be addressed by experts**:

  i.       **The development, design, manufacture, sale, distribution, instructions, warnings, use, and performance of Chart's cryogenic freezer tanks;**

  ii.      **The development, design, manufacture, sale, distribution, instructions, warnings, use, and performance of controllers with Chart's cryogenic freezer tanks, including but not limited to the TEC 3000 controllers;**

  iii.     **Alleged malfunctions, defects, or performance issues with Chart's cryogenic freezer tanks and component controllers, including but not limited to tank welds and controller issues, S/N Zero Events with respect to TEC 3000 controllers, the failure rate and causes thereof, and the parties' knowledge, communication, testing, warnings, design changes, recall or retrofit decisions, and mitigation efforts and strategies with respect thereto;**

  iv.     **The events, circumstances, conduct, and causes of the alleged failure of Tank 4 at the Pacific Fertility Center in California, by both parties and non-parties to this action, conduct and communications in response thereto, and all damages allegedly caused as a result of the tank failure;**

3

  v.  **The alleged proportionate share of common liability between Chart Inc. and Extron Company for satisfaction of the judgment that was entered against Chart Inc. in *In re Pacific Fertility Center Litigation*, Case No. 3:18-cv-01586, and Chart's subsequent confidential settlements, including of the aforementioned action and the California actions styled *Pacific Fertility Cases*, No. CJC-19-00021 (S.F. Super.), *Wong v. Chart Industries, Inc.*, No. 4:18-cv-04839-JSW (N.D. Cal.), and *Wong v. Chart Inc., et al.*, No. 4:19-cv-01342-JSW (N.D. Cal.); and,**

  vi.  **The reasonableness of Chart Inc.'s settlements of *In re Pacific Fertility Center Litigation*, Case No. 3:18-cv-01586, and the California actions styled *Pacific Fertility Cases*, No. CJC-19-00021 (S.F. Super.), *Wong v. Chart Industries, Inc.*, No. 4:18-cv-04839-JSW (N.D. Cal.), and *Wong v. Chart Inc., et al.*, No. 4:19-cv-01342-JSW (N.D. Cal.).**

  **The Parties proposed the following expert discovery deadlines:**

  i. Expert report for the party with the burden of proof deadline: **February 6, 2026**.

  ii. Rebuttal expert report deadline: **March 6, 2026**.

  iii. Expert discovery cut-off deadline:  **April 3, 2026**.

9. The pleadings shall be amended without leave of Court on or before: **October 31, 2024**.

10. Recommended dispositive motion date:  **May 1, 2026**.

11. Recommended date for a status conference or settlement conference:  **If necessary, 14 days after the Court's opinion on any motion for summary judgment.**

12. Other matters for the attention of the Court:  **The Parties agree that the case should be ready for trial by July 2026, and at this time it is expected to take approximately two weeks.**

Dated: August 2, 2024						Respectfully submitted,

*/s/ D. Austin Bersinger*						*/s/ Eric S. Bravo*
D. Austin Bersinger (*Admitted Pro Hac Vice*)			Eric S. Bravo   (0048564)
Bradley Arant Boult Cummings LLP				**Gordon Rees Scully Mansukhani, LLP**
Promenade Tower							41 South High Street, Suite 2495
1230 Peachtree Street N.E., 20th Floor				Columbus, Ohio 43215
Atlanta, Georgia 30309						T: (614) 340-5558
T: (404) 868-0554						F: (614) 360-2130
abersinger@bradley.com						ebravo@grsm.com

*Attorney for Plaintiff Chart, Inc.*					*/s/ James K. Holder*
								James K. Holder (*Admitted Pro Hac Vice*)
								**Gordon Rees Scully Mansukhani, LLP**
								275 Battery Street, Suite 2000
								San Francisco, CA 94111
								T: (415) 875-4192
								F: (415) 986-8054
								jholder@grsm.com

								*Attorneys for Defendant Extron Company*

5